IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **RONNIE DENVER HARPER** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CIVIL ACTION NO.  1:07-cv-81-LG-JMR** |
| | § | |
| **GEORGE H. PAYNE, JR., et al.** | § | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER
## DISMISSING THE PLAINTIFF'S COMPLAINT

The Plaintiff, an inmate of the Harrison County Detention Center, Gulfport, Mississippi, filed a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status.  On January 30, 2007, two orders were entered in this case.  One order directed the Plaintiff, within thirty days, to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3), if he wished to continue with this lawsuit or a Notice of Voluntary Dismissal (Form PSP-4), if he did not wish to continue with this lawsuit.  The Acknowledgment of Receipt and Certification (Form PSP-3), states in part:

> [I] have read the above statements [provisions of the PLRA], and fully understand that I am obligated to pay the full filing fee, even if I do not have enough money at this time.  I have read the above statements, and fully understand that if this lawsuit is dismissed on grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, I may be barred from filing further lawsuits or appeal a judgment of this Court, and I may lose up to 180 days of earned 'good time' credits, if I am confined within the Mississippi Department of Corrections.

*Order* [3] at 5.  The second order directed the Plaintiff to file a completed *in forma pauperis* application, within thirty days.  The Plaintiff failed to comply with both of these orders.  The Plaintiff was warned in both of these court orders that his failure to keep this Court informed of his current address or his failure to timely comply with the orders could result in the dismissal of

his complaint.

On March 27, 2007, an order was entered directing the Plaintiff to show cause, within fifteen days, why this case should not be dismissed for his failure to comply with the January 30, 2007 court orders. The Plaintiff was warned in the show cause order that failure to keep this Court informed of his current address or a failure to timely comply with the requirements of the order would lead to the dismissal of his complaint. The Plaintiff has not complied with the show cause order. On April 23, 2007, the envelope containing the show cause order was returned with the notation: "return to sender." The Plaintiff has failed to keep this Court informed of his current address, and he has failed to comply with three Court orders. It is apparent from the Plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under FED. R. CIV. P. 41(b) and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Link,* 370 U.S. at 630.

The Plaintiff has not complied with three court orders, nor has he contacted this Court since January 29, 2007. The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under FED. R. CIV. P. 41(b) is proper. Since the Defendants have never been called upon to respond to the Plaintiff's pleading, and have never appeared in this action, and since the

Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice.  *See Munday/Elkins Automotive Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

    IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's Complaint shall be dismissed without prejudice.  A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

    **SO ORDERED AND ADJUDGED** this the 10th day of May, 2007.

                                                    s/ *Louis Guirola, Jr.*
                                                  LOUIS GUIROLA, JR.
                                                  UNITED STATES DISTRICT JUDGE